UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY LEE ASHFORD,

        Plaintiff,                  Case Number 10-CV-11975
                                               Honorable Thomas L. Ludington

v.

COUNTY OF SAGINAW, DAVID CABLE,
and ELDOR HERRMANN,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE**

        In his complaint [Dkt. #1], Plaintiff Johnny Lee Ashford alleges claims against Defendants Saginaw County, David Cable, and Eldor Herrmann. Plaintiff's claims arise out of Saginaw County Circuit Court Judge Fred Borchard's decision to deny Plaintiff's request for appointed appellate counsel after Plaintiff entered a guilty plea. Plaintiff contends Judge Borchard's decision resulted in Plaintiff serving an excessive period of time in prison.

        More specifically, Plaintiff alleges that Saginaw County did not have a policy or, alternatively, had a policy of not providing appellate counsel at the time of Plaintiff's request. Plaintiff alleges that Defendant Cable, or the person from the county responsible for implementing Saginaw County policy for indigent defendants, did not act on Plaintiff's request for appointed counsel. Indeed he alleges that the County only acted after his second request and after his prison sentence had effectively been served. Finally, Plaintiff alleges that Defendant Hermann, his trial counsel, committed legal malpractice by failing to correct an improperly scored sentencing guideline range at the time he was sentenced.

The matter is now before the Court on a report and recommendation authored by Magistrate Judge Charles E. Binder on September 2, 2010 [Dkt. #20], regarding Defendants Saginaw County and Cable's motion to dismiss [Dkt. #8], and Defendant Herrmann's motion to dismiss [Dkt. #11]. Judge Binder concluded that Defendants Saginaw County and Cable's motion to dismiss should be granted because Saginaw County was not legally responsible for decisions of an independent State of Michigan judge. Furthermore, Judge Binder noted that the law does not require Defendant Cable, on behalf of Saginaw County, to question a circuit court judge's conclusions and that Mr. Cable's enforcement of Judge Borchard's order fit squarely within the confines of judicial immunity. Judge Binder also concluded that Defendant Herrmann's motion to dismiss should be granted because, as a result of the federal claims against Defendants Saginaw County and Cable being dismissed, there was no basis for the exercise of jurisdiction over Plaintiff's state law claims for legal malpractice.

On September 9, 2010, Defendants Saginaw County and Cable filed an objection to Judge Binder's report and recommendation [Dkt. #21]. On September 9, 2010, Plaintiff Ashford also filed objections to Judge Binder's report and recommendation [Dkt. #22]. On September 20, 2010, Defendants Saginaw County and Cable filed a response to Plaintiff's objections [Dkt. #23]. Defendants Saginaw County and Cable's objection was solely to clarify a factual statement contained in the report and recommendation.[1] Plaintiff's provided eight enumerated objections. For the reasons explained below, the Court will overrule Plaintiff's objections, adopt Judge Binder's report and recommendation, grant Defendants' motion to dismiss, and dismiss the complaint with

---

[1] In the report and recommendation, Judge Binder stated that "[t]he parties do not dispute that Plaintiff was improperly denied appointment of appellate counsel by Judge Borchard in 2007 since the *Halbert* case had been decided in 2005 and required such appointment to be made." Although not germane to the report and recommendation, Defendants Saginaw County and Cable state without explanation that they do, in fact, dispute Plaintiff's contention that Judge Borchard's order was improper.

prejudice.

Plaintiff's first objects that Judge Binder erred by not allowing Plaintiff to file a sur-reply brief and accompanying affidavit. Plaintiff's second objection is that Judge Binder erred in concluding that the County of Saginaw has no authority to supervise State of Michigan circuit court judges sitting in Saginaw County. Plaintiff's third objection contends that Judge Binder did not apply the appropriate legal standard in addressing Plaintiff's complaint because the allegations in the complaint are to be construed in favor of the pleader and must be taken as true. Plaintiff's fourth objection states that the matter of financial interplay between Saginaw County and the circuit court was covered in Plaintiff's brief, and if it was not fully covered it is because no discovery has taken place. Plaintiff's fifth objection is also related to the denial of his sur-reply brief and alleges that such a denial has created an impermissibly narrow view of the rights being adjudicated. Plaintiff's sixth objection contends that Judge Binder's report and recommendation is in error because courts disfavor motions to dismiss under motions on the pleadings. Plaintiff's seventh objection avers that Judge Binder's alternative analysis under *Heck v. Humphrey*, 512 U.S. (1994) is in error because *Heck* is inapplicable.[2]

A review of the report and recommendation, along with the record, leads to the conclusion that Plaintiff's objections are without merit. Judge Binder's denial of Plaintiff's request to file a sur reply brief and accompanying affidavit was not in error because pursuant to Local Rule 7.1, such supplemental briefing is not provided as a matter of right but by leave of Court. Furthermore, Judge Binder's order correctly noted that a motion under Federal Rule of Civil Procedure 12(b)(6) tests

---

[2]Plaintiff also objects to the report and recommendation as to Defendant Hermann to the extent that the case against Saginaw County and Cable are not allowed. Because Judge Binder's report and recommendation is adopted by the Court, this objection is moot.

the legal sufficiency of the plaintiff's claims and that discovery is neither necessary nor relevant in addressing the legal sufficiency of a complaint. Judge Binder applied the proper legal standard as stated under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), in construing the complaint in the light most favorable to the plaintiff and accepting all factual allegations as true. That is, motions to dismiss test the sufficiency of the complaint only based on the pleadings. *See In re General Motors ERISA Litig.*, No. 05-71085, 2006 WL 897444, at *4 (E.D. Mich. Apr. 6, 2006).

Furthermore, Plaintiff's second objection misstates Judge Binder's findings regarding the relationship between Saginaw County and State of Michigan circuit court judges. Judge Binder correctly states that despite the financial interplay between the county as a funding agency and State of Michigan judges elected to serve the Saginaw County geographical territory, Plaintiff has not alleged any facts to support his contention that Saginaw County's financial role rises to the level of coordination or compulsion as addressed by Rule 8. Judge Borchard's independent judicial decision – not that of Saginaw County – was the "moving force" for denying Plaintiff's request. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Finally, Judge Binder's alternative finding under *Heck v. Humphrey*, 512 U.S. 477 (1994), is not in error. Judge Binder correctly noted that Plaintiff's complaint alleges a challenge to the duration of confinement, which may be addressed pursuant to the habeas corpus statutes, and not § 1983. *Heck*, 512 U.S. at 487. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt. #22] are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation [Dkt. #20] is

**ADOPTED.**

It is further ordered that Defendants' motions to dismiss [Dkt. #8; Dkt. #11] are **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. #1] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 4, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS